IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FAIRLY WAYNE EARLS,

                Petitioner,                OPINION AND ORDER

    v.

                                           21-cv-377-wmc

FEDERAL BUREAU OF PRISONS,

                Respondent.

---

Petitioner Fairly Wayne Earls, who currently is incarcerated by the Wisconsin Department of Corrections ("DOC") at Jackson Correctional Institution, seeks post-conviction relief under 28 U.S.C. § 2241. Specifically, Earls seeks to challenge a decision by the Bureau of Prisons ("BOP") denying his request to release him from the federal detainer requiring him to serve his federal sentence once he has completed his state court sentences. This petition is before the court for initial review under Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions not brought under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. However, because it is plainly apparent that Earls is not entitled to the relief he seeks, the court is dismissing his petition.

BACKGROUND[1]

In October of 2010, Fairly Earls was in the custody of the authorities of the State of Wisconsin, facing charges of first-degree sexual assault of a child and multiple counts of

---

[1] The court draws the following facts from Earls' petition and attached exhibits, as well as publicly available records of Earls criminal proceedings.

1

bail jumping. *State v. Earls*, No. 2005CF419 (Fond du Lac Cnty.); *State v. Earls*, No. 1997CF268 (Fond du Lac Cnty.).[2] Then, on November 16, 2010, Earls was charged in a federal criminal complaint in the Northern District of Indiana with multiple fraud and identity theft crimes. *United States v. Earls*, No. 2:10cr222-001 (N.D. Ind. Oct. 5, 2011). On January 4, 2011, a magistrate judge from the Northern District of Indiana granted the government's motion for a writ of habeas corpus ad prosequendum, authorizing the federal government to take physical custody of Earls for purposes of his criminal proceedings in Indiana federal court. *Id.*, dkt. #8.

On June 10, 2011, Fairly Earls was convicted in the Northern District of Indiana of lying in a passport application, aggravated identity fraud and identity theft. On October 5, 2011, he was sentenced to 60 months of imprisonment in the Northern District of Indiana. On October 12, 2011, that court granted the government's motion to return Earls to the State of Wisconsin to face pending criminal charges. *Id.*, dkt. #92. On August 7, 2012, Earls was convicted in Fond du Lac County of multiple counts of first-degree sexual assault of a child and multiple counts of bail jumping. Earls was sentenced to 30 years of imprisonment on the bail jumping counts, and 60 years of imprisonment on the sexual assault counts, to run concurrent to each other and any other sentence.

In 2015, Earls wrote a letter to the BOP asking that his federal sentence run

---

2  The court has drawn details about Earls' state court charges from the electronic docket of these proceedings, available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov (last visited June 1, 2022).

concurrent with his state sentences. The BOP submitted a letter in Earls' federal case, explaining that only the federal sentencing court could make that designation and asking that court for guidance. *Earls*, No. 10-cr-222, dkt. #109. The sentencing judge responded that the court had *not* intended for the federal sentence to be served concurrently with the state sentences, and instead the federal sentence should run consecutive to the state sentences.

Earls then appealed the sentencing judge's response, which the Seventh Circuit dismissed since the district judge's guidance was not an appealable decision. *United States v. Earls*, No. 15-3651, dkt. #12 (7th Cir. Apr. 6, 2016). Earls filed a motion in the district court, which was denied. Earls appealed that denial, and the Seventh Circuit dismissed that second appeal, noting that Earls' motion should have been treated as a petition under § 2241, but finding that the district court could not address his petition because he was no longer confined within the Northern District of Indiana. After the district court dismissed Earls' petition without prejudice, Earls *again* appealed. On May 13, 2021, the Seventh Circuit again dismissed Earls' appeal for lack of jurisdiction, concluding that Earls could refile his § 2241 petition in this district court once he has exhausted his administrative remedies.

On May 10, 2021, the BOP's Designation and Sentence Computation Center ("DSCC") sent him a letter stating that the district judge lacked authority to alter his sentence. The DSCC explained that the BOP was denying his request to have his federal sentence run concurrent to his state sentence, since the federal district did not order the

3

federal sentence to run concurrent to the state court sentence. (*See* dkt. #1-3, at 1.) The letter concluded: "Absent an amended order, your federal term of imprisonment will not begin until you have [been] released from state custody." (*Id.* at 2.)

OPINION

Earls represents that the BOP credited the time he spent in federal custody, which was 13 months and ten days. He maintains that because he served the remaining 46 months and 20 days during his time incarcerated by the Wisconsin Department of Corrections, this court should reverse the BOP's denial of his request for credit towards his federal sentence. A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper vehicle for challenges to the administration or computation of a sentence. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (citations omitted). Under 18 U.S.C. § 3585(b), the Bureau of Prisons *must* apply sentence credit for "any time [the defendant] has spent in official detention prior to the date the sentence commences" and "that has not been credited to another sentence." *Id.*[3]

The BOP's decision not to deem Earls' federal sentence served is consistent with the law. While "the BOP may designate nunc pro tunc a state prison that once housed an inmate as the place of confinement for the inmate's federal sentence" under 18 U.S.C.

---

[3] The BOP's exhaustion procedures do not apply in Earls' circumstances since he is in confined in a non-federal facility. *See* 28 C.F.R. § 542.10.

4

§ 3621, "effectively allowing the state and federal sentences to run concurrently[,] . . . the BOP also has 'wide discretion' over that designation." *Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (quoting *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990)). Here, the BOP did not abuse its discretion in declining Earls' request, since the federal sentencing court expressly stated that his federal sentence should run consecutive to his state sentences. Indeed, that is the default; under 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Moreover, the BOP's decision to ask the district court for information about its intent in sentencing Earls was not an overreach. The Seventh Circuit has held that the BOP does not abuse its discretion by contacting a sentencing court for guidance when that court was silent as to whether the federal sentence should run concurrent with or consecutive to a state sentence. *Winters v. Kallis*, 766 F. App'x 393, 395 (7th Cir. 2019).

Finally, the fact that the federal sentence was imposed prior to the state sentences does not change the fact that Earls has not served any additional portion of his federal sentence. The doctrine of primary custody dictates that an inmate's federal sentence commences only *after* the government exercises *primary* jurisdiction over him. *Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2018) (citing *Loewe v. Cross*, 589 F. App'x 788, 789 (7th Cir. 2014); *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013); *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006)). The general rule is that the sovereign arresting a defendant first takes primary custody of him, and that same sovereign maintains primary

5

custody "until [it] relinquishes its priority in some way." *Id.* (citing *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005)). At the time Earls' federal case began, he was in custody of the State of Wisconsin, and indeed only appeared in federal court under a writ. There is no suggestion in Earls' federal proceeding that Wisconsin state authorities relinquished primary custody over Earls while his federal case was pending. To the contrary, *just a week* after Earls was sentenced in federal court, he was transferred back to Wisconsin to face his pending state court charges. Therefore, there is no basis to conclude that the BOP abused its discretion in declining to apply any time in state custody to his federal sentence. Accordingly, Earls' challenge to the BOP's determinations plainly lacks merit, and his petition must be dismissed.

ORDER

IT IS ORDERED that:

1. Petitioner Fairly Wayne Earls' petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered this 2nd day of June, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge